T.C. Summary Opinion 2002-21


UNITED STATES TAX COURT


MATTHEW K. MORGAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12419-99S.          Filed March 11, 2002.


Matthew K. Morgan, pro se.

<u>Sylvia L. Shaughnessy</u>, for respondent.


WOLFE, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the

Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $3,210 in petitioner's 1997 Federal income tax. After concessions by petitioner,[1] the sole issue for decision is whether petitioner is entitled to a dependency exemption deduction for his mother.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Perris, California, when the petition was filed.

During 1997 petitioner was a full-time employee of San Diego

---

[1] Petitioner concedes the disallowance of the following deductions claimed on his Schedule C, Profit or Loss From Business, concerning his internet service business: (1) Car and truck expenses of $6,655, (2) meals and entertainment expenses of $780 ($1,560 before taking into account the 50-percent reduction in the deductibility of such expenses under sec. 274(n)), and (3) cellular telephone and other expenses of $2,913.

Petitioner concedes the disallowance of his deduction of $7,376 ($8,000 before taking into account the 2-percent floor on miscellaneous itemized deductions under sec. 67) for legal expenses on his Schedule A, Itemized Deductions. As a result of respondent's adjustment, petitioner's itemized deductions were reduced to amounts that totaled less than the standard deduction for 1997. Consequently, petitioner's tax liability was determined by respondent using the standard deduction, and petitioner does not dispute use of the standard deduction.

Petitioner concedes that he did not report a taxable distribution of $1,400 from his individual retirement account held at the Union Bank of California. He also concedes that he is liable for the 10-percent additional tax on such distribution pursuant to sec. 72(t).

Petitioner's liability for self-employment tax is a computational matter and is resolved by petitioner's concessions set forth above.

Gas & Electric Co.  He reported wages of $44,799 on his 1997 Federal income tax return.  Petitioner's mother, Narvella W. Morgan (Mrs. Morgan), suffered from various kidney and heart ailments and required dialysis treatments and heart medications for at least 2 years before her death in 1998.  During 1997 Mrs. Morgan received $8,820 of Social Security benefits, consisting of $8,310 of pension for 1997 and $510 repayment for 1993.  She also received Medicare benefits, which petitioner testified were less than $200 per month.  In January 1997, petitioner moved in with Mrs. Morgan, who previously had been living by herself.  In October 1997, petitioner married and moved out of Mrs. Morgan's apartment.  During the year in issue, petitioner never paid any part of Mrs. Morgan's apartment rent of approximately $450 per month.

On his 1997 Federal income tax return, petitioner claimed Mrs. Morgan as a dependent.  His tax return indicated that he lived with Mrs. Morgan during all 12 months of 1997.  Respondent disallowed the claimed dependency exemption deduction.

Income tax deductions are a matter of legislative grace, and the taxpayer bears the burden of clearly showing the right to the claimed deduction.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).  Taxpayers are required to maintain records sufficient to substantiate their claimed deductions.  Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.  Petitioner bears the burden of

showing error in respondent's determinations contained in the notice of deficiency.[2] Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).

Section 151(c)(1) allows taxpayers to deduct an exemption amount for each dependent as defined in section 152. Under section 152(a), the term "dependent" means certain individuals over half of whose support was received from the taxpayer during the calendar year for which such individuals are claimed as dependents. Eligible individuals who may be claimed as dependents include, among others, the mother of the taxpayer. Sec. 152(a)(4).

Section 151(c)(1) further provides, as a condition for the dependency exemption, that the gross income of the dependent for the taxable year must be less than the exemption amount for that year, unless the claimed dependent is a child of the taxpayer under the age of 19 (24 if the child is a student). The exemption amount for 1997 is $2,650. Rev. Proc. 96-59, 1996-2

---

[2]The Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3001, 112 Stat. 685, 726, added sec. 7491, which shifts the burden of proof to the Secretary in certain circumstances. Sec. 7491 is applicable to court proceedings arising in connection with examinations commenced after July 22, 1998. Petitioner does not contend that sec. 7491 is applicable to him. Accordingly, the burden of proof is on petitioner to show that respondent's determinations are erroneous. See <u>Tamms v. Commissioner</u>, T.C. Memo. 2001-201 (and cases cited therein). In any event, the application of sec. 7491 is precluded by petitioner's failure to comply with the substantiation requirements of the Internal Revenue Code. See secs. 7491(a)(2)(A), 6001.

C.B. 392, 395. For purposes of section 151(c), gross income does not include the amount of Social Security benefits excluded from gross income under section 86(a). See Carter v. Commissioner, T.C. Memo. 1998-243, affd. without published opinion 187 F.3d 640 (8th Cir. 1999). However, in determining the total amount contributed for the claimed dependent's support, and determining whether a taxpayer contributed more than half the support of another, amounts of support paid by Social Security benefits are considered. See id.; sec. 1.152-1(a)(2)(ii), Income Tax Regs. Medicare benefits are not considered in determining the total amount contributed for the claimed dependent's support. Turecamo v. Commissioner, 64 T.C. 720 (1975), affd. 554 F.2d 564 (2d Cir. 1977).

Because Social Security benefits are included in the computation of total support, petitioner, at a minimum, must show that during 1997 he contributed more than $8,310 toward the support of Mrs. Morgan. Additionally, petitioner must show the total amount of her support furnished by all sources for the year. Blanco v. Commissioner, 56 T.C. 512, 514 (1971); Jeter v. Commissioner, T.C. Memo. 2001-223, affd. per curiam without published opinion ___ F.3d ___ (4th Cir., Feb. 6, 2002); sec. 1.152-1(a)(2)(i), Income Tax Regs. The term "support" includes, among other things, food, shelter, clothing, and medical care. Sec. 1.152-1(a)(2)(i), Income Tax Regs. The amount of total

support may reasonably be inferred from competent evidence. Blanco v. Commissioner, supra at 514-515. However, if the amount of total support is not established, and cannot reasonably be inferred from competent evidence, then it is not possible to conclude that the taxpayer contributed more than one-half. Id.; Jeter v. Commissioner, supra.

There is little doubt that petitioner provided for the support of Mrs. Morgan during the year in issue. The extent of the support, however, is far from clear. Petitioner estimated that he spent $850 per month supporting Mrs. Morgan. He testified that he paid for her general living expenses, including her utilities, food, and clothing. However, petitioner provided supporting documentation for only minimal expenditures for the support of his mother during 1997. Petitioner argues that his reported wages of $44,799 for 1997 show that he had enough income to provide for more than half of Mrs. Morgan's support during 1997. While this may be true, there is insufficient evidence to establish how much of petitioner's income actually was spent on supporting his mother. Petitioner had business and personal obligations, and he had a brother who may have contributed to Mrs. Morgan's support even though petitioner claims that the brother had significant other family obligations.

Petitioner offered insufficient evidence to establish either the total amount of Mrs. Morgan's support or his own

contributions toward her support.  He explained that documentation pertaining to his mother had been put in storage when she died and that "It's just too much stuff to go through." We are unable reasonably to infer the required information from the evidence presented.  Without other competent evidence, we cannot determine that petitioner provided more than half of Mrs. Morgan's overall support.  Petitioner is asking us to make a guess that he provided more than half his mother's support during 1997 on the basis of his unsupported self-serving testimony and very little more.  We cannot make a decision based on such a guess.  Accordingly, we hold that petitioner is not entitled to a dependency exemption deduction for Mrs. Morgan, and respondent's determination in this regard is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered for respondent</u>.